# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY MOLCHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 08cv0954 |
| | ) | |
| FORD MOTOR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Presently before the Court is the MOTION, PURSUANT TO FED.R.CIV.P. 12, TO DISMISS FOR IMPROPER VENUE OR, ALTERNATIVELY, TO TRANSFER CASE FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES, with brief in support, filed by defendant Ford Motor Company (Document Nos. 8 and 9), and the BRIEF IN OPPOSITION filed by Plaintiff, Gregory Molchen. For the reasons that follow, the Motion will be granted in part and denied in part and, for the convenience of the parties and witnesses and in the interest of justice, this case will be transferred to the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. § 1404(a).

**Procedural Background**

On July 8, 2008, Plaintiff filed a three-count Complaint against Defendant, Ford Motor Company, in which he alleges breach of contract (Count I), fraud / misrepresentation (Count II), and violations of the Employee Retirement Income Security Act of 1974 ("ERISA") (Count III). It appears that at least two of Plaintiff's claims involve the alleged denial of benefits under Defendant's Voluntary Salaried Separation Program ("VSSP Plan"), which is a Plan covered by ERISA.

Defendant has brought the instant motion in which it contends that venue in the Western District of Pennsylvania is improper under the ERISA venue provision, 29 U.S.C. § 1132(e)(2). In the alternative, Defendant requests that this lawsuit be transferred to the United States District Court for the Eastern District of Michigan.

**Factual Background**

As the law requires, at the motion to dismiss stage all disputed facts and inferences are resolved most favorable to Plaintiff. The following background is drawn from the Complaint and the factual allegations therein are accepted as true for the purpose of this Opinion.

Plaintiff, a former employee of Defendant, Ford Motor Company, alleges that he was "promised by Ford that moving to Michigan would continue his ascent up the 'career ladder' at Ford;" (Complaint, ¶ 27); that after moving to Michigan, he was enticed by Defendant into accepting an offer of voluntary separation with severance benefits; and that Defendant then "completely and utterly failed to provide him any severance benefits." (Br. in Opp'n, at 1).

**Standard of Review**

In considering a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), the Court must generally accept as true the allegations in the complaint, unless contradicted by defendant's affidavits. *Holiday v. Bally's Park Place, Inc.*, 2007 WL 2600877, at *1 (E.D. Pa. Sept. 10, 2007). "The court may examine facts outside the complaint to determine proper venue, but must draw all reasonable inferences and resolve all factual conflicts in the plaintiff's favor." *Fellner v. Philadelphia Toboggan Coasters, Inc.*, 2005 WL

2660351, at *1 (E.D. Pa. Oct.18, 2005); *accord Heft v. AAI Corp.*, 355 F. Supp. 2d 757, 762 (M.D. Pa. 2005) ("Whatever the nature of the parties' submissions, the court is bound to view the facts in the light most favorable to the plaintiff.").

The United States Court of Appeals for the Third Circuit has held that the movant (the defendant) bears the burden of demonstrating that venue is not proper. *Myers v. American Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982). The defendant also bears the burden of establishing that a venue transfer is warranted. Furthermore, "in ruling on defendant's [transfer] motion the plaintiff's choice of venue should not be lightly disturbed." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995).

Questions of venue are governed by either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406. *See Jumara*, 55 F.3d at 878. The standards for transfer of an action differ depending on whether venue has been properly laid.

**Discussion**

A.    Venue

Defendant argues that Plaintiff has not met the requirements for jurisdiction and venue under ERISA. Defendant contends that this lawsuit should have been brought in the United States District Court for the Eastern District of Michigan, where venue clearly would be proper.[1]

---

[1] From a review of the Complaint, it appears that a majority of Plaintiff's claims may be governed by ERISA. For example, Count I (breach of contract) and a portion of Count Two (fraud / misrepresentation) are based on statements and actions which concern Plaintiff's alleged entitlement to VSSP benefits. Count Three of the
(continued...)

3

Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), governs the determination of venue in ERISA cases:

> When an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

The United States Court of Appeals for the Third Circuit has provided no guidance as to where, exactly, a plan is administered, a breach takes place, or a defendant resides or may be found. Indeed, there is little federal case law interpreting § 1132(e)(2).

1. *An ERISA Action May Be Brought Where the Plan is Administered*

Venue is proper in a district where the plan is administered. An ERISA plan is administered where the plan is managed. Of the three possible grounds for bringing this action in this District, the first, where the plan is administered, can be eliminated immediately. Plaintiff does not contest that the Plan is not administered in this District. Further, Defendant's Affidavit makes clear that the VSSP Plan is administered at Ford's principal place of business in Dearborn, Michigan. *See* Affidavit of David Zochowski, ¶ 6.

---

[1](...continued)
Complaint is clearly an ERISA claim. Defendant has also filed a Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) in which Defendant seeks to have Counts I and II dismissed because these claims are allegedly preempted by ERISA. However, because this matter will be transferred to the United States District Court for the Eastern District of Michigan, this Court will not rule on that motion.

2.  *An ERISA Action May Be Brought Where the Alleged Breach Occurred*

Venue is also proper where the alleged breach occurred. Most courts that have addressed this question have determined that the alleged breach occurred in the district where the beneficiary receives, or should have received, benefits. *See Keating v. Whitmore Mfg. Co.,* 981 F. Supp. 890, 892 (E. D. Pa. 1997). Other courts, however, have looked to the location where the defendant made the decision not to pay the benefits. *See Turner v. CF&I Steel Corp.*, 510 F. Supp. 537, 541 (E.D. Pa. 1981).

Plaintiff states in his Complaint that he currently resides in Canton, Michigan, and that he was working and residing in Michigan when he was allegedly informed that he would not receive VSSP benefits. Therefore, the Court concludes that the alleged breach occurred in Michigan - both the district where the beneficiary (Plaintiff) should have received benefits and the district in which the decision not to pay benefits occurred.

3.  *An ERISA Action May Be Brought Where the Defendant Resides or May be Found*[2]

A defendant may be "found" in any district where the defendant's contacts would be sufficient to support personal jurisdiction over the defendant in that district. *See DiGiovannantio v. Local 153 Pension Fund*, Civ. A. No. 91-7171, 1992 U.S. Dist. LEXIS 8331, at *5 (E.D. Pa. June 11, 1992) ("For purposes of [the ERISA venue provision], a

---

[2]  Defendant bases it argument on the fact that the VSSP Plan does not reside or is found in the Western District of Pennsylvania. However, the ERISA venue statute specifically states that an action may be brought "where a <u>defendant</u> resides or may be found. . . ." 29 U.S.C. § 1132(3)(2) (emphasis added). At this time, the VSSP Plan is not a defendant in this lawsuit; rather, the only named defendant is Ford Motor Company.

5

defendant is 'found' in any district in which personal jurisdiction may be obtained over the defendant").

Under the minimum contacts test, the non-resident defendant must have purposefully availed itself of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of its laws. *See Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001). Furthermore, jurisdiction may be exercised under either a general jurisdiction theory or a specific jurisdiction theory. *Id*. If general jurisdiction exists, the defendant must defend against any suit in the relevant forum, regardless of whether the subject matter of the litigation has any connection to that forum. *See Pennzoil Prods Co. v. Colelli & Assocs*., 149 F.3d 197, 200 (3d Cir. 1998). To establish general jurisdiction, the non-resident defendant's contacts with the forum must be "continuous and substantial*." Provident Nat'l bank v. Cal. Fed. Savs. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987).

Specific jurisdiction exists only when the defendant has "purposely directed his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or [are] related to' those activities." *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp*., 229 F.3d 2554, 259 (3d Cir. 2000) (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). This requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Burger King,* 471 U.S. at 475. Furthermore, in addition to the required "minimum contacts" necessary to exercise jurisdiction, a court must determine that such an exercise comports with "traditional notions of fair play and substantial justice." *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (*citing Int'l Shoe*, 326 U.S. at 316).

The ERISA allegations in this lawsuit involve the alleged improper denial of benefits. The decisions, actions and/or statements made with regard to the VSSP Plan all were made solely in Michigan with regard to a Michigan resident, i.e., Plaintiff. Therefore, this Court is faced only with the question of whether it may exercise general personal jurisdiction over Defendant. *See Toys 'R' Us, Inc. v. Two, Step, S.A.*, 318 F. 3d 446, 451 (3d Cir. 2003) (specific personal jurisdiction requires that plaintiff's claims relate to or arise out of defendant's forum activities).

The named defendant in this matter is Ford Motor Company, not the VSSP. According to Plaintiff, Ford Motor Company maintains a marketing and sales organization in the Western District of Pennsylvania. Ford Motor Company also sells vehicles in Western Pennsylvania each year and does extensive advertising on television, radio, and in print in the Western District of Pennsylvania. For the purpose of this Opinion only, the Court finds and rules that Defendant has sufficient contacts with this forum to support general personal jurisdiction over it. Accordingly, Defendant's motion to dismiss for improper venue will be denied.

B. <u>Transfer Pursuant to § 1404(a)</u>

Section 1404(a) provides for the transfer of a case to another district where it might have been brought in the "interest of justice" and "for the convenience of parties and witnesses." The purpose of § 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). When ruling on a motion to transfer, "a

court should consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interest of justice be better served by the transfer to a different forum." *Jumara*, 55 F.3d at 879.

When considering whether to transfer an action under § 1404(a), a court should not solely limit its consideration to § 1404(a)'s enumerated factors of convenience of the parties, convenience of the witnesses, or interests of justice, but should consider all relevant factors, including both private and public factors. *Jumara*, 55 F.3d at 879.

The private factors relevant to a transfer analysis include:

- the plaintiff's forum preference;

- the defendant's preference;

- whether the claim arose elsewhere; and

- the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses - - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora and the location of books and records (similarly limited to the extent that they could not be produced in one of the fora).

*Id.*

The public interests include:

- the enforceability of the judgment;

- practical considerations that could make the trial easy, expeditious, or inexpensive;

- the relative administrative difficulty in the two fora resulting from court congestion;

- the local interest in deciding local controversies at home;

- the public policies of the fora; and

• the trial judge's familiarity with applicable state law.

*Id.* at 879-80.

The private and public factors are to be balanced and weighed. It is important to keep in mind that "unless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (emphasis in original). Thus, "the defendant must show that its alternative forum is more convenient; if factors are in equipoise, transfer is not proper." *Id.*

a. *Private Factors*

The Plaintiff's forum preference is the Western District of Pennsylvania. The Court is mindful of the general principle that "there is a strong presumption in favor of the plaintiff's choice of forum when that forum is the plaintiff's home." *DiMark Marketing, Inc. v. Louisiana Health Service and Indemnity Company*, 913 F. Supp. 402, 408 (E.D. Pa. 1996) (emphasis added). It is noteworthy that in this case while Plaintiff has a historical connection to the Western District of Pennsylvania, it is not contested that he does not presently reside in this forum district. Rather, Plaintiff resides in Canton, Michigan, which is located in the Eastern District of Michigan.

Defendant's preference is the United States District Court for the Eastern District of Michigan.

The Court finds that a substantial part of the activities and events which give rise to Plaintiff's lawsuit occurred in the State of Michigan. For example, the allegations of breach of contract, fraud / misrepresentation, and violation of ERISA which are encompassed in Counts I,

II, and III of Plaintiff's Complaint involve alleged actions and decisions made by Ford representatives which occurred at or near its Dearborn, Michigan location. Although the Court has also concluded that Pennsylvania is a proper forum for this action, the Court has similarly concluded that Michigan is likewise a proper forum based on the significant events which occurred there.

The last private factor to be considered, convenience of the parties and the witnesses, weighs in favor of Michigan. Defendants contend that the representatives of Ford who allegedly denied Plaintiff benefits under the VSSP Plan, as well as the documents or other sources of proof, all reside or are located within the Eastern District of Michigan. Plaintiff responds that he grew up in Western Pennsylvania, that he attended college and graduate school in the area, and that he eventually intends to relocate back to Western Pennsylvania. However, Plaintiff has offered no evidence that being required to produce witnesses and documents in Michigan is inconvenient or poses a financial hardship on him. Accordingly, the Court finds that there is no financial burden on Plaintiff to litigate this matter in Michigan.

2. *Public Factors*

Defendant argues that there are no public factors which weigh against the transfer of this case to Michigan. Plaintiff responds that he has been a resident of Western Pennsylvania for most of his life, that he is actively trying to sell his home in Michigan so that he can relocate to Western Pennsylvania, and that he "only moved to Michigan because of the misrepresentations made by Ford." Br. in Opp'n at 8.

Initially, it appears that any judgment which may be entered in this action against Defendant would be enforceable in Michigan.

As to the practical considerations that would make the trial easy, expeditious or inexpensive, the Court finds and rules that Michigan is the better forum since both Plaintiff and Defendant are currently located there, Defendant is subject to the personal jurisdiction of the Eastern District of Michigan, as well as the witnesses and relevant documentation being located there. Thus, the Court concludes that this factor favors the Defendant.

The Court cannot determine the relative administrative difficulty in the two fora which results from court congestion since both parties are silent about this factor and the Court has no evidence or statistics on which to base any decision on this public factor. Accordingly, the Court concludes that this factor favors neither party.

As for the local interest in deciding local controversies at home and the public policies of the fora, the Court acknowledges that Plaintiff has a history with the Western District of Pennsylvania and intends to eventually relocate to this District; however, at the present time, both Plaintiff and Defendant are citizens of the State of Michigan and the VSSP Plan, is administered at Ford's principal place of business in Dearborn, Michigan. Therefore, the Court concludes that this factor favors the Defendant.

Lastly, the public factor regarding the trial judge's familiarity with applicable state law also weighs in favor of the Defendant. Any claims made under the VSSP Plan, if not preempted by ERISA, appear to be governed by Michigan law. *See* Affidavit of David Zochowski. Thus, trial judges in the Eastern District of Michigan are more familiar with the applicable Michigan law than those in the Western District of Pennsylvania; however, the Court

concludes that trial judges in either district are equally capable of applying Michigan law to the provable facts of this lawsuit.

### 3. *The Balance of the Private and Public Factors*

After carefully considering and balancing the private and public interests of the parties, the Court finds and rules that the factors weigh heavily in favor of a transfer. The inconvenience imposed upon witnesses and the Defendant, the location of operative events, the location of relevant books and records, and the practical considerations that could make trial easy, expeditious or inexpensive favor transfer and outweigh the importance of the Plaintiff's original choice of forum and the inconvenience, if any, to be borne by Plaintiff.

These factors, when combined with the interest of justice, make a compelling case for transfer under § 1404(a). As a result, the Court finds and rules that Defendant has met its burden of showing that a balancing of the pertinent factors weighs in favor of transfer. Thus, the transfer of this action to the Eastern District of Michigan will best serve the interests of convenience and justice under 28 U.S.C. § 1404(a).[3]

---

[3] Assuming *arguendo* that venue was improperly laid in this District, the Court would have reached the same result under 28 U.S.C. § 1406(a), which provides for the transfer or dismissal of a case where the original venue is improper. If the Court had determined that original venue in this District was improper, the Court would have transferred this action to the proper venue of Michigan, the venue in which the action originally could have been brought that serves the interest of justice. 28 U.S.C. § 1406(a).

CONCLUSION

After an extensive review of the case and weighing of all private and public factors, the Court finds and rules that this case should be transferred. Not only will the litigation proceed more conveniently in Michigan, but the interest of justice will be better served by a transfer to that forum. In accordance with 28 U.S.C. § 1404(a), for the reasons set forth above, Defendant's request for a transfer will be granted.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY MOLCHEN, | ) |
| Plaintiff, | ) |
| v. | ) 02: 08cv0954 |
| FORD MOTOR COMPANY, | ) |
| Defendant. | ) |

## ORDER OF COURT

AND NOW, this 20th day of November, 2008, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED** as follows:

1. Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) is **DENIED**;

2. Defendant's alternative Motion to Transfer is **GRANTED** and this action is **TRANSFERRED FORTHWITH** to the United States District Court for the Eastern District of Michigan pursuant to 18 U.S.C. § 1404(a); and

3. Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 10) will remain outstanding, pending consideration and resolution by the United States District Court for the Eastern District of Michigan.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Michael C. Hamilton, Esquire
Email: mhamilton@winikofflaw.com

Nancy R. Winschel, Esquire
Email: NWinschel@dmclaw.com

Joseph A. DiMenno, Esquire
Email: jdimenno@dmclaw.com